UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SEOUL ORTIZ,

                      Plaintiff,

           -against-

NEW YORK CITY HOUSING AUTHORITY, *et al.*

                     Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-1280 (SLT)

TOWNES, United States District Judge:

In March 2009, plaintiff Seoul Ortiz, a former employee of defendant New York City Housing Authority ("NYCHA"), commenced this *pro se* action. By order dated April 17, 2009, this Court granted plaintiff's request to proceed *in forma pauperis*, but directed the plaintiff to amend his complaint in order to clarify the claims he sought to raise. This Court stated:

> To the extent that plaintiff wishes to raise a claim pursuant to Title VII, he must file a charge of discrimination with the EEOC and obtain a right-to-sue notice before bringing such a claim. If plaintiff wishes to bring claims under 42 U.S.C. §1983, plaintiff must specify both the defendants against whom these claims are made and the manner in which those defendants violated his federal constitutional or statutory rights. Similarly, if plaintiff wishes to allege that Local 237 violated its duty of fair representation, plaintiff must allege sufficient facts to state a claim, as described above.

*Ortiz v. New York City Housing Auth.*, No. 09-CV-1280 (SLT), slip op. at 9 (E.D.N.Y. Apr. 17, 2009).

On June 22, 2009, plaintiff filed an amended complaint, which specifically alleges that plaintiff is seeking relief under 42 U.S.C. §§ 1981 and 1983, "Title VI of the Civil Rights Act of

1964," New York State Executive Law § 296 and New York City Administrative Code § 8-107.[1]
Amended Complaint at 1. The Amended Complaint attaches a copy of a right-to-sue notice, which is dated May 1, 2009 – over one month after this action was commenced. The Amended Complaint no longer includes Local 237 as a party, but continues to name Kenny Kaye, Fernando Ramirez, Mrs. Wingate and Mrs. Peters as defendants, and adds three new defendants: Dawn Pinnock, Carla Warren, and Robert McCantee.[2]

The fact that this action was commenced prior to the EEOC's issuance of a right-to-sue notice does not doom plaintiff's Title VII claims. *See Kielbasinski v. Sears Home Improvement Prods., Inc.*, No. 08-CV-6076T, 2008 WL 612750, at *1 (W.D.N.Y. Feb. 29, 2008) (citing cases). However, to the extent that plaintiff seeks to bring Title VII claims against the individual defendants, these claims must be dismissed. Under Title VII, individual supervisors are not subject to liability. *Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003). Plaintiff's employment discrimination claims pursuant to N.Y. Executive Law § 296(6) and N.Y. City Admin. Code § 8-107 are *not* dismissed, since individuals may be liable for aiding and abetting discriminatory conduct or retaliation under these statutes. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *see also Humphrey v. County of Nassau*, No. 06-CV-3682

---

[1]Because plaintiff cites to the New York State and City laws prohibiting employment discrimination, this Court assumes that plaintiff meant to cite to Title VII, 42 U.S.C. §§ 2000e *et seq.*, which prohibits employment discrimination, rather than Title VI, 42 U.S.C. §§ 2000d, *et seq.*, which prohibits discrimination in programs and activities receiving federal assistance.

[2]According to two documents attached to the complaint, both of which were authored by this defendant, Robert McCantee's last name is actually spelled "McEntee." To avoid confusion, this Court will use the spelling that appears in plaintiff's amended pleading. However, the Clerk of Court is directed to amend the docket sheet to refer to this defendant as "Robert McCantee, T/N Robert McEntee," and to use the correct spelling of this defendant's name when issuing the summons.

(JFB)(AKT), 2009 WL 875534, at *22 (E.D.N.Y. Mar. 30, 2009); *Doe v. City of New York*, 583 F. Supp. 2d 444, 450 (S.D.N.Y. 2008).

## *CONCLUSION*

For the reasons set forth above, it is hereby:

ORDERED that, to the extent plaintiff seeks to bring claims pursuant to Title VII against defendants Kenny Kaye, Fernando Ramirez, Mrs. Wingate, Mrs. Peters, Robert McCantee, Carla Warren, and Director Dawn M. Pinnock, those claims are dismissed; and further

ORDERED that the Clerk of Court shall issue summons with respect to all defendants. The summons issued with respect to defendant McCantee shall reflect his true name, Robert McEntee. The United States Marshals Service is hereby directed to serve these summons, along with the Amended Complaint and a copy of this Memorandum and Order, on all defendants, and it is further

ORDERED that this case is referred to Magistrate Judge Bloom for all pretrial proceedings.

/s/ SANDRA L. TOWNES
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 24, 2009