UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

SEOUL ORTIZ,

                Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY;
KENNETH CASE; FERNANDO RAMIREZ;
SHERRAINE WINGATE; MRS. PETERS; CARLA
WARREN; DAWN M. PINNOCK; and
ROBERT MCENTEE,

                Defendants.

----------------------------------------------------X

**ORDER**
**09 CV 1280 (SLT)(LB)**

**BLOOM, United States Magistrate Judge:**

By letter dated March 9, 2010, defendants' counsel informs the Court that plaintiff's deposition scheduled on February 22, 2010, was unexpectedly cut short because plaintiff forgot his eyeglasses and could not read any of the documents presented to him, and that plaintiff failed to appear at the rescheduled deposition on March 3, 2010. Defendants' counsel requests "an order compelling plaintiff . . . to appear and sit for a deposition on a date certain, or, in the alternative, a conference before this Court to discuss this matter." Document 31. For the following reasons, defendants' motion to compel plaintiff's deposition on a date certain is hereby granted.

## BACKGROUND

Plaintiff, Seoul Ortiz, brings this *pro se* action alleging that defendants violated his rights under 42 U.S.C. §§ 1981 and 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, New York State Executive Law § 296, and New York City Administrative Code § 8-107.

On November 3, 2009, the Court held an initial pretrial conference and directed the parties to exchange initial disclosures. At a status conference on December 9, 2009, plaintiff stated that he had not produced his initial disclosures as directed by the Court. The Court directed plaintiff to comply with the Court's order and for the parties to complete all discovery by April 1, 2010. Document 28. The Court also stated that "[t]he parties may conduct depositions upon oral examination" and that "[i]f a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled to another date." Id.

By letter dated March 9, 2010, defendants counsel informs the Court that plaintiff arrived forty-five minutes late to his previously scheduled deposition on February 22, 2010, and that he had to leave at 1:30 p.m. for a job fair. Document 31. According to defendants' counsel,

> [t]he deposition had to be stopped after just one hour, however, inasmuch as Mr. Ortiz refused to look at any documents presented to him, alleging that he could not read these documents because he had left his eyeglasses at his apartment. I offered to purchase a pair of over-the-counter reading glasses for Mr. Ortiz from a nearby drug store at my own expense. Mr. Ortiz vehemently refused that offer. I further offered to allow Mr. Ortiz time to go home and retrieve his glasses, which Mr. Ortiz refused. Accordingly, the deposition was adjourned before noon. Mr. Ortiz stated that he would not be available to be deposed at any other time during the week of February 22, and the deposition was rescheduled for 10:00 a.m. on Wednesday, March 3, 2010.

Document 31. Defendants' counsel states that plaintiff did not appear for his deposition on March 3, 2010. Counsel called plaintiff but plaintiff would not answer any of his questions and the "line cut off." Defendants' counsel states that he called plaintiff back and left a voice message, but that plaintiff has not returned his telephone call or contacted his office. Therefore, defendants' counsel requests the Court to compel plaintiff to appear for his deposition. Defendants' request is granted.

## DISCUSSION

This is plaintiff's action to vindicate his rights. Just as plaintiff has a right to bring this case, defendants have a right to defend against it. However, defendants should not be made to bear the costs of defending a case where the plaintiff refuses to comply with his obligations. The Court will afford plaintiff one last chance to appear for his deposition.

Therefore, plaintiff is hereby ordered to timely appear for his deposition on **April 5, 2010 at 10:00 a.m.** Defendants' counsel shall notice plaintiff accordingly. This is a Court order and plaintiff *must* comply. If plaintiff fails to appear for his Court-ordered deposition on April 5, 2010, and fails to stay for seven hours to complete his deposition, this Court will recommend that his case should be dismissed. See Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (affirming dismissal for plaintiff's willful noncompliance with discovery orders); see also Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for pro se plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff is reminded that a deposition is a seven (7) hour question-and-answer session. Plaintiff shall bring his glasses to the deposition as well as any documents he will rely on. Plaintiff shall answer all questions truthfully and to the best of his ability. Although plaintiff will be afforded a lunch and bathroom breaks, he is required to participate in the deposition for all seven hours. Again, if plaintiff fails to comply with this Order, I will recommend that this case

should be dismissed. Finally, in light of this Order, discovery is hereby extended until April 5, 2010 for the purpose of completing plaintiff's deposition.

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: March 12, 2010
      Brooklyn, New York